UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATELYN M.,

                                **Plaintiff,**

   vs.                                                  5:23-CV-65
                                                                    (MAD/CFH)

COMMISSIONER OF SOCIAL SECURITY,

                                **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**OLINSKY LAW GROUP**               **HOWARD D. OLINKSY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **KRISTINA D. COHN, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Howard Olinsky, counsel to Plaintiff Katelyn M. ("Plaintiff"), filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") on December 12, 2023. *See* Dkt. No. 19. The Commissioner of Social Security ("Commissioner") has not responded to the request. For the reasons stated below, the Court finds that Mr. Olinksy's requested fee of $7,089.90 is reasonable and grants his motion.

      Plaintiff retained Mr. Olinksy to represent her in appealing the Administrative Law Judge's ("ALJ") determination that she was ineligible for benefits under the Social Security Act. *See* Dkt. No. 1. Mr. Olinksy agreed to represent Plaintiff, whose net worth is less than two

1

million dollars, and Plaintiff agreed that if her case was remanded, Mr. Olinsky may seek attorney's fees under the EAJA. *See* Dkt. No. 18-2 at 2. Plaintiff filed a complaint on January 18, 2023. *See* Dkt. No. 1. On September 13, 2023, this Court remanded the matter back to the Commissioner for further proceedings and entered judgment in Plaintiff's favor pursuant to a stipulation by the parties. *See* Dkt. Nos. 16, 17, 18.

The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In order for a party to be awarded attorney's fees under the EAJA, the plaintiff must: 1) demonstrate he or she is the prevailing party; 2) demonstrate he or she is eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

"The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean justified to a degree that could satisfy a reasonable person." *Kathryne Irene C. v. Comm'r of Soc. Sec.*, No. 5:24-CV-568, 2025 WL 2172694, *1 (N.D.N.Y. July 31, 2025) (quoting *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009)) (additional quotation omitted). "This requires the Commissioner to 'demonstrate that his position had a reasonable basis both in law and fact.'" *Id.* (quotation omitted). "When assessing the position of the United States, the [C]ourt must review both the

position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based." *Id.* (quotations and quotation marks omitted); *see* 28 U.S.C. § 2412(d)(2)(D).

Plaintiff is a prevailing party for the purposes of awarding fees by receiving a remand. *See Munn v. Comm'r of Soc. Sec.*, No. 1:06-CV-0231, 2009 WL 1575299, *2 (N.D.N.Y. June 2, 2009) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993)) (holding that a plaintiff who receives a remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party" who may receive fees under the EAJA); *Lofton v. Saul*, No. 19-CV-00454, 2020 WL 858649, *2 (D. Conn. Feb. 21, 2020) ("Plaintiff is a prevailing party because the Court granted the Commissioner's Consent Motion to Remand and ordered a remand of this matter for further administrative proceedings").  The Commissioner does not contest this conclusion.  Therefore, attorney's fees are justified, and the Court will turn to the reasonableness of the fee request.

"'Once a court has made these threshold determinations and found that an EAJA fee award is owed, a district court has broad discretion to determine the reasonable amount to be awarded.'" *Lisa S. v. O'Malley*, No. 5:22-CV-01312, 2024 WL 4710705, *1 (N.D.N.Y. Nov. 7, 2024) (quoting *Forrest v. Colvin*, No. 15-cv-1573, 2016 WL 6892784, *2 (S.D.N.Y. Nov. 21, 2016)). "In the Second Circuit, '[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours.'" *Id.* (quoting *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011)).

"EAJA fees are subject to 'a statutory cap of $125 per hour, "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."'" *Kathryne Irene C.*, 2025 WL 2172694, at *2 (quoting *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000)

3

(quoting, in turn, 28 U.S.C. § 2412(d)(2)(A))). "The Second Circuit has held that the cost of living increase over the EAJA statutory base rate of $125 per hour allowed by 28 U.S.C. § 2412(d)(2)(A) is properly measured by the Consumer Price Index ("CPI")." *Id.* (citing *Harris v. Sullivan*, 968 F.2d 263, 264-66 (2d Cir. 1992)). "'The court must apply a different cost of living adjustment for each year in which hours were billed, rather than applying a single adjustment to the total hours billed.'" *Id.* (quoting *Caplash v. Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018)) (additional quotation omitted). "'The equation to determine the hourly rate is: $125 (statutory limit) multiplied by the average CPI[ ] for targeted year; the total is divided by the [original] CPI [rate] from March 1996.'" *Id.* (quoting *Butts v. Astrue*, 565 F. Supp. 2d 403, 406 n.3 (N.D.N.Y. 2008)).

"'In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours.'" *Id.* (quoting *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008)); *see also Zabala v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-1596, 2025 WL 948099, *2 (E.D.N.Y. Mar. 29, 2025) (quoting *Padula v. Colvin*, 602 Fed. Appx. 25, 28 (2d Cir. 2015)).

Here, attorneys and paralegals at Plaintiff's counsel's law firm, Olinsky Law Group, spent 32.9 hours working on Plaintiff's case. *See* Dkt. No. 19-1 at 2; *see also* Dkt. Nos. 19-4, 19-5, 19-6. Ledgers submitted by counsel show that 27.3 hours of this work is attributable to attorney time and 5.6 hours is attributable to work performed by paralegals. *See* Dkt. No. 19-1 at 2. The requested award of $7,089.90 is derived from a blended hourly rate of $232.89 in 2022 and $239.43 in 2023 for attorneys and $100.000 for paralegals. *See id.*

4

The hourly rate and requested amount are reasonable and similar to those requested and permitted in other courts. *See, e.g.*, *Lisa C. v. Comm'r of Soc. Sec.*, No. 18-CV-1438, 2024 WL 5181772, *2 (W.D.N.Y. Dec. 20, 2024); *Rehman v. Kijakazi*, No. 20-CV-07949, 2024 WL 1598211, *2 (S.D.N.Y. Apr. 12, 2024); *Tinamarie M. M. v. Comm'r of Soc. Sec.*, No. 5:21-CV-0004, 2023 WL 8880106, *3 (N.D.N.Y. Jan. 23, 2023).

Plaintiff signed a waiver of direct payment of EAJA fees and an assignment specifying payment of fees directly to her attorney. *See* Dkt. No. 19-2 at 2. Plaintiff attested that her net worth was less than two million dollars and that, if her case was remanded, her "attorney may filed for attorney's fees pursuant to the . . . EAJA[]." *Id.* She also noted her understanding that legal fees may be petitioned prior to her being awarded back benefits. *See id.* The Commissioner does not contest the direct payment of fees to Plaintiff's counsel. *See Astrue v. Ratliff,* 560 U.S. 586, 597 (2010) (recognizing direct payment to counsel when the prevailing party "does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 19) is **GRANTED** in the amount of $7,089.90; and the Court further

**ORDERS** that the Social Security Administration is directed to approve a payment of $7,089.90 to Plaintiff's counsel in attorney's fees; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 26, 2025
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

5