**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KATELYN M.,**

                                        **Plaintiff,**

        **vs.**                                        **5:23-CV-65**
                                                       **(MAD/CFH)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                        **Defendant.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**OLINSKY LAW GROUP**                   **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**      **HEETANO SHAMSOONDAR, ESQ.**
6401 Security Boulevard                  **KRISTINA COHN, ESQ.**
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Katelyn M. ("Plaintiff"),[1] through her attorney Petitioner Howard D. Olinsky,

Esq. ("Petitioner"), moves this Court pursuant to Section 206(b)(1) of the Social Security Act and

42 U.S.C. § 406(b)(1) for an award of attorney's fees based on the contingency fee agreement

between Plaintiff and Petitioner. *See* Dkt. No. 21. Defendant Commissioner of Social Security

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify Plaintiff by first name and last initial.

(the "Commissioner") "neither supports nor opposes counsel's request for attorney's fees in the amount of $7,873.00 under 42 U.S.C. § 406(b)." Dkt. No. 22 at 1. The Commissioner states that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." *Id.*

## II. BACKGROUND

Petitioner represented Plaintiff in an action before this Court for judicial review of the Commissioner's denial of Plaintiff's application for Social Security Disability Insurance. *See* Dkt. No. 1; Dkt. No. 21-1 at ¶ 1. On September 13, 2023, this Court remanded the matter back to the Commissioner for further proceedings and entered judgment in Plaintiff's favor pursuant to a stipulation by the parties. *See* Dkt. Nos. 16, 17, 18. On August 26, 2025, the Court granted Petitioner attorney's fees in the amount of $7,089.90 under the Equal Access to Justice Act ("EAJA"). *See* Dkt. No. 20 at 5.

On September 20, 2025, the Social Security Administration determined Plaintiff was entitled to $68,292 in back-payments for the period of September 2020 to May 2025. *See* Dkt. No. 21-3 at 4. Petitioner now seeks attorney's fees in the amount of $7,873 under Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1). *See* Dkt. No. 21-1 at ¶ 7.

Plaintiff and Petitioner entered a contingency fee agreement which states that Petitioner may seek a fee award of up to twenty-five percent of Plaintiff's past-due benefits received for representation in federal court. *See* Dkt. No. 21-2 at 2. The agreement uses the term "406(b) fees" to denote this fee arrangement. *Id.* The agreement also states that if Petitioner becomes entitled to a 406(b) fee, "counsel will credit the amount of the EAJA fee in addition to the 406b fee and will return any excess EAJA amounts not authorized." *Id.* Petitioner requests that the Court not include a specified amount to be refunded upon receipt of a fee award order under §

406(b) because Petitioner has "not received payment of EAJA fees and it is not known whether Plaintiff has accumulated any debt while her case has been pending." Dkt. No. 21-1 at 3 n.1. In addition to any attorney's fee award under § 406(b), Petitioner intends to file a fee petition in the amount of $9,200 for work performed at the administrative level. *See id.* at ¶ 6.

### III. DISCUSSION

Under § 406(b), when a court renders a favorable judgment for a claimant represented by an attorney, "the court may determine and allow . . . a reasonable fee for such representation, not in excess of [twenty-five] percent of the total of the past-due benefits to which claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). The effect of § 406(b) is threefold: "it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of fees should be paid." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (citation, internal quotation marks, footnote, and alterations omitted). As the Second Circuit has repeatedly observed, "§ 406(b) is not entirely self-explanatory[,]" as it "allows contingency agreements but 'gives no guidance as to how a court should treat them in determining a "reasonable fee."'" *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990)). Nonetheless, district courts have been guided to "'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

The "court approval" contemplated by § 406(b) has been described as a "reasonableness" review, which includes consideration of certain relevant factors such as:

> (1) whether the percentage is within the [twenty-five percent] cap;
> (2) whether there has been fraud or overreaching; (3) whether the
> requested amount is a windfall to the claimant's attorney; (4) the
> character and results of the representation; (5) the amount of time

3

spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases.

*Michael N. v. Comm'r of Soc. Sec.*, No. 5:23-CV-175, 2025 WL 1519316, *1 (N.D.N.Y. May 28, 2025) (citing *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021)).

In *Fields*, the Second Circuit recognized that the "windfall" factor is less clear than the other factors to be considered. *See Fields*, 24 F.4th at 853-54 (noting that the Supreme Court and the Second Circuit have "rejected reliance on the lodestar method" of calculating fees in Social Security cases, and that "some jurists have expressed frustration that the windfall factor could be read as simply the lodestar method by another name and, as such, incompatible with the stated approach of these opinions") (citations omitted). Thus, the Circuit cautioned that " [i]n determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Id.* (citation omitted).

Here, attorneys and paralegals at Petitioner's law firm, Olinsky Law Group, spent 32.9 hours litigating Plaintiff's case before this Court. *See* Dkt. No. 21-1 at ¶ 9. Ledgers submitted by Petitioner show that 27.3 hours of this work is attributable to attorney time and 5.6 hours is attributable to work performed by paralegals. *See id.*; Dkt. Nos. 21-4, 21-5, 21-6. The requested award of $7,873 implies a blended hourly rate of $239.30 for all timekeepers (including paralegals). *See* Dkt. No. 21-1 at ¶ 9. If the 5.6 hours of paralegal time is first carved out at $100 per hour (as Petitioner suggests), the remaining requested award implies an effective hourly rate of $267.88 for the attorneys who worked on this matter. *See id.*

Petitioner's representation of Plaintiff resulted in a remand from this Court and a subsequent finding that Plaintiff is disabled and eligible for benefits and past-due benefits in the amount of $68,292.00. *See id.* at ¶¶ 1, 4, 8. Petitioner's request of $7,873 is less than twelve

4

percent of Plaintiff's $68,292 award—significantly below the statutory twenty-five percent cap contemplated by § 406(b).  There is no evidence of fraud, overreaching, or undue delay in the record before the Court.  And the *de facto* hourly rate of $267.88 is not patently unreasonable and is significantly lower than hourly rates found reasonable by courts in this District.  *See, e.g.*, *Mileke W. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1387, 2025 WL 1951822, *2 (N.D.N.Y. July 16, 2025) (finding a *de facto* hourly attorney rate of $2000.74 for 2.7 hours of attorney time to be reasonable, in light of, *inter alia*, the specialization and experience of the firm); *Melissa L.R. v. O'Malley*, No. 1:21-CV-00318, 2024 WL 4680800, *4 (N.D.N.Y. Nov. 5, 2024) (finding that $777.90 per hour is not a windfall when taking into account the uncertainty present in contingency-fee representation of social security benefit claims where the petitioner has had multiple prior denials); *Danny F. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-1371, 2024 WL 2237151, *3 (N.D.N.Y. May 17, 2024) (finding hourly rate of $754.67 to be reasonable considering the attorney's experience with Social Security Act cases, the 25.1 hours spent litigating matter, the successful outcome of the case, and the inherent uncertainty of litigation).

Moreover, Petitioner has established that the work on this case has been more than "boilerplate."  Petitioner states that attorneys at Olinsky Law Group spent more than fifteen hours preparing and writing briefing before this Court, as well as conducting research and case preparation.  *See* Dkt. No. 21-4 at 3.  Although the expertise of the attorneys has not been explicitly pled here, Olinsky Law Group has successfully litigated numerous Social Security Administration matters in the Northern District of New York.  *See, e.g.*, *Michael N. v. Comm'r of Soc. Sec.*, No. 5:23-CV-175, 2025 WL 1519316 (N.D.N.Y. May 28, 2025); *David M.D. v. Dudek*, No. 8:21-CV-465, 2025 WL 1266612 (N.D.N.Y. May 1, 2025); *Lorraine H. v. Comm'r of Soc. Sec.*, No. 5:21-CV-437, 2024 WL 2304411 (N.D.N.Y. May 21, 2024).

"Where, as here, the specialization and experience of the firm and the attorneys enabled them to work efficiently and obtain a remand . . . for their client, '[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency.'" *David M.D.*, 2025 WL 1266612, at *3 (quoting *Fields*, 24 F.4th at 854). Given the contingent nature of the representation, the agreement between Petitioner and Plaintiff, the absence of objections to the requested fee by the Commissioner or Plaintiff, and analysis of all the factors to be considered, the Court finds that Petitioner's request for a § 406(b) fee in the amount of $7,873 is reasonable in this case. *See Crystal M.C. v. Comm'r of Soc. Sec.*, No. 5:20-CV-807, 2023 WL 144066, *3 (N.D.N.Y. Jan. 10, 2023) (holding that *de facto* hourly rate of $341.97 was reasonable) (collecting cases).

As a final matter, Congress has authorized fee awards under both the EAJA (payable by the Government) and under § 406(b) (payable out of a claimant's past due benefits). As Petitioner has addressed, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796. Petitioner states that the EAJA fee will be refunded upon receipt of an award of § 406(b) attorney's fees. *See* Dkt. No. 21-1 at 3. However, because Petitioner has not yet received payment of the EAJA fees awarded, Petitioner requests that the Court not specify an amount to be refunded upon receipt of a § 406(b) fee award. *See id.* at 3 n.1.

Indeed, at times, funds allocated for payment of EAJA fees may be intercepted to pay outstanding tax or debt obligations. *See Gibson v. Saul*, No. 21-CV-41, 2024 WL 4802618, *1 n.1 (E.D.N.Y. Nov. 15, 2024) ("[Counsel] never received the $6,756.98 award of attorney's fees ordered by this Court because the United States Treasury intercepted the fees to pay [the plaintiff's] New York State tax debt. [Counsel] cannot return money he never received") (citation omitted); *Bermejo v. Comm'r of Soc. Sec.*, No. 18-CV-6926, 2022 WL 10676429, *1 & n.1

(S.D.N.Y. Aug. 22, 2022), *R&R adopted*, 2022 WL 10638093 (S.D.N.Y. Oct. 18, 2022) (holding no offset required for § 406(b) award where counsel did not receive EAJA fees "presumably due to the fee being applied to a debt owed by [the plaintiff] and subject to a lien on the EAJA fee") (citations and internal quotation marks omitted).  As Petitioner has not received payment of the EAJA fees, a specific amount to be refunded will not be stated herein.  However, Petitioner is advised that, in the event any EAJA fees have been received, the Court directs that such fees be refunded to Plaintiff.  *See Gisbrecht*, 535 U.S. at 796.

### IV. CONCLUSION

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 21) is **GRANTED** in the amount of $7,873; and the Court further

**ORDERS** that the Social Security Administration is directed to approve a payment of $7,873 to Petitioner, out of Plaintiff's past-due benefits; and the Court further

**ORDERS** that Petitioner is directed, upon receiving payment of the § 406(b) award, to refund Plaintiff the full amount of any fees previously received under the EAJA; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 13, 2026
     Albany, New York

Mae A. D'Agostino
U.S. District Judge

7